# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02058-CMA-KLM

NANO GAS SYSTEMS CORPORATION, a Nevada corporation,

DIANE HICKERSON, an Individual,

ALVA HICKERSON, an Individual, and

DAVID A. MELMAN, an Individual,

> Plaintiffs,

v.

THE CURATORS OF THE UNIVERSITY OF MISSOURI, a public Corporation of the State of Missouri,

GALEN SUPPES, an Individual, and

CHRIS FENDER, an Individual.

> Defendants.

---

## PROTECTIVE ORDER

---

The parties agree and the Court so orders:

1.     The parties expect to produce certain documents that contain confidential and proprietary information ("Confidential Documents") that are not available for dissemination to the general public.  These documents may include, but are not limited to, information concerning technological advancements and studies performed by the parties.  The disclosure or release of this information to anyone and particularly to competitors would undermine the parties' competitive position, and could result in

immediate and severe financial hardship. Accordingly, the parties have agreed that this Protective Order may be entered by the Court for the purpose of protecting from certain disclosure those Documents.

2.      The parties shall designate the Confidential Documents as confidential by typing, stamping, or otherwise affixing the word "CONFIDENTIAL" on such documents. Typing, stamping, or otherwise affixing the word "CONFIDENTIAL" on the first page of a multi-page document, or the first page of a collection of documents that are bound or attached together in any manner, shall have the effect of designating the entirety of the document as confidential. In the case of information not readily subject to page marking, a party may clearly designate in writing at the time of disclosure that such materials are "CONFIDENTIAL."

3.      The portions of the Confidential Documents that the parties agree to produce may be produced with redaction of non-responsive and privileged information. Production of documents shall not be construed as an admission that they are relevant or admissible for purposes of trial or ruling on any dispositive motions.

4.      Each party and all persons bound by the terms of this Protective Order shall use any properly designated Confidential Information provided to them pursuant to this Protective Order only for the purpose of prosecution or defense of this action, not for any other purpose or in any other action. Insofar as this Protective Order restricts the communication and use of the documents produced in this case, the parties (and any person who agrees to be bound hereunder) agree that they will abide by such orders after the conclusion of this litigation.

2

5.     Except with prior written consent from the producing party, their counsel of record, or the Court, Confidential Documents, or any information contained in Confidential Documents, may not be disclosed to any person other than the following:

a.     The United States District Court for the District of Colorado and any court having jurisdiction of any appeal of this case, as well as the Court's staff and such employees of the Clerk of the Court as directed by the Clerk or the presiding judge, provided, however, that such documents are marked Confidential pursuant to this Order and filed as a document restricted by court order pursuant to D.C.Colo.L.Civ.R. 7.2. Confidential documents shall not be filed with the Court except when required in connection with matters pending before the Court.  This paragraph shall not be interpreted to allow for the public filing of any documents containing confidential information;

b.     The parties, the parties' counsel of record, and said counsel's partners, associates, paralegals, secretaries, and other office staff who have direct functional responsibility in representing the parties in this matter;

c.     Any mediator or a settlement conference judge assigned or retained to mediate this litigation;

d.     Consultants and experts retained for the purpose of assisting the parties in preparation and trial of this matter; and

e.     Actual or potential trial or deposition witnesses in this matter, and the witnesses' counsel, if CONFIDENTIAL information is reasonably necessary and related to their anticipated testimony, provided that they are provided with a copy of this Protective Order and agree to be bound by its terms.

3

6.     Any person (other than the Court or its employees) to whom these documents are to be disclosed shall first be advised by counsel making the disclosure that these documents are subject to this Protective Order, and any such person shall be given a copy of this Protective Order and instructed that they are bound by it.  In the event that such person does not agree to be bound by the terms of this Protective Order, such person shall not be given the Confidential Documents.

7.     Each individual who receives any Protected Information agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

8.     The parties' counsel may designate as confidential any portion of the transcript of any deposition at which a Confidential Document was marked as an exhibit or discussed.  Such designation shall be given orally upon the record during the course of the deposition.  When such a designation is made, the entire deposition shall be treated as confidential, pending transcription of the deposition and signing by the deponent. Thereafter, the parties' counsel shall designate on the transcribed deposition the portion or portions, which involve the Confidential Documents and which shall be treated as confidential within 30 days of receiving same.  The parties' counsel shall communicate, in writing, the designations to the other party's counsel.   If no designations are made within the 30-day timeframe, the testimony and transcript will no longer be considered CONFIDENTIAL.  Any party shall retain the right to challenge the designation of any part of a deposition transcript as confidential.

9.     This Protective Order preserves the parties' ability to designate information as CONFIDENTIAL after a production or disclosure of the information has

4

been made.  If timely corrected, a failure to designate information as CONFIDENTIAL does not, standing alone, waive the producing party's right to secure protection under this Protective Order for such information.  In the event of a production or disclosure of such information, the producing or disclosing party shall notify the receiving party of the designation of material as CONFIDENTIAL, and the receiving party shall thereafter treat such information as designated subject to the Protective Order, without waiving any right to challenge the designation of such material.

10.   Neither party will be obligated to challenge the propriety of a confidential designation at the time made, and a failure to do so will not preclude a subsequent challenge thereto.  A failure of either party to challenge a party's designation of a document or information as CONFIDENTIAL will not prejudice any party or person and will not constitute an agreement or admission that the designation is valid by reason of such failure to object. In the event, at any stage of the proceedings, any party to this action disagrees with the designation of any information as CONFIDENTIAL, the parties shall first try to resolve such dispute in good faith on an informal basis.  If the dispute cannot be resolved informally, the party challenging the confidentiality designation may apply for appropriate relief consistent with the practice standards ~~of this Court~~ within 14 days of the other party's final confirmation in writing that an informal resolution is not possible.  The party seeking confidentiality of the information shall have the burden of establishing that the information is entitled to confidential treatment.

*MJ Mix's* [handwritten]  *KLM* [handwritten]

11.   Notwithstanding any other provisions of this Protective Order: (a) nothing herein shall prevent disclosure if the party designating the information as "CONFIDENTIAL" expressly consents to such disclosure, either in writing or in the

5

record of any proceeding in this case, or if the Court enters an order requiring or permitting the disclosure after notice to both parties; (b) any party may use or disclose its own Confidential Information without limitation, and may use or disclose information without limitation that was previously in its possession prior to receipt pursuant to the Protective Order, or subsequently acquired from a source that is not subject to the Protective Order.

12.     Notwithstanding any other provision of this Order, the production of documents by any party will not operate as a waiver of any common law or statutory privilege, protection, or immunity applicable to those documents, including, but not limited to any attorney-client privilege, work product protection, joint or common interest doctrine, information that is subject to protection as trial preparation material, or that is protected from discovery by any other applicable privilege, protection, immunity, law, or rules (collectively "Privileges"). If a Party discloses, produces, or makes available for inspection and copying information subject to any Privilege ("Disclosed Privileged Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of such Privilege applicable to such Disclosed Privileged Information or any related subject matter, in this litigation or in any other court, administrative action, investigation, or legal proceeding.

13.     Any Party who realizes that it, he, or she has produced or received Disclosed Privileged Information, as soon as practicable, shall (i) notify, in writing, all other Parties and/or other persons producing or receiving such information that disclosure was made, (ii) identify the document(s) disclosed, (iii) make reasonable efforts to retrieve all copies of and prevent further disclosure of the Disclosed Privileged

6

Information, and (iv) refrain from using or further disclosing the Disclosed Privileged Information (including, but not limited to, using the information in depositions or a trial). Any person or entity receiving notice that Disclosed Privileged Information has been produced shall, within five (5) business days, return, destroy, sequester or delete all copies of the Disclosed Privileged Information, as well as any abstracts, charts, memoranda, notes, summaries, compilations, or indices of same, and provide a representation of counsel that all such information has been returned, destroyed, sequestered or deleted. To the extent the claim of Privilege is disputed, the Parties shall meet and confer to resolve any such dispute, and in the event such dispute cannot be resolved, the Party receiving such information may promptly present the information to the Court, under seal, pursuant to the Local Rules of this Court, and seek ~~such~~ further relief from the Court regarding the claim of Privilege. *pursuant to MJ Mix's discovery procedures.* The Party claiming the Privilege shall preserve the Disclosed Privileged Information until the claim of Privilege is resolved either by agreement of the Parties or by the Court.

14.    Within forty-two (42) days of the conclusion of this action, including any and all appeals, all Confidential Documents, and all copies thereof (hard copy or electronic), shall be either:  (1) returned to the other party's counsel; or (2) destroyed, at the option of the receiving party, except that any documents or copies which contain or constitute, or which reflect, attorney work product or attorney-client privileged communications may be retained by counsel.  Counsel is also entitled to retain court papers, deposition transcripts, and trial transcripts that may contain information related to Confidential Documents, provided they do not disclose the information related to the Confidential Documents or use it for any purpose unrelated to this action except as

7

permitted by court order or agreement with the producing party. If requested, a party's counsel shall provide the other party's counsel with an affidavit stating that such Confidential Documents have been returned or destroyed.

15. Any confidential designation made in any manner provided herein shall constitute a representation by counsel to the Court that the designation is made in good faith and in the belief that the material so designated constitutes confidential material.

16. In the event a party receives a request to disclose or produce all or any part of the Confidential Documents pursuant to a subpoena or Order issued by a Court or governmental body, the parties hereby agree to immediately notify the other producing parties' counsel of the request or order.

17. Nothing in this Protective Order limits any of the parties from applying to the Court for modification of, or relief from, this Protective Order, or for such further or additional protective orders as the Court may deem appropriate. The procedures established by this Protective Order are intended to be cumulative and in addition to any party's right to seek further or different protection from the Court regarding issues addressed herein.

18. This Order shall be binding upon the parties, their attorneys, employees, agents, independent contractors, and other persons or organizations over which they have control.

19. Nothing herein shall impose any restrictions on the use or disclosure by any party or any witness of documents or information obtained lawfully by any party or any witness independently of the discovery proceedings in this action, whether or not such documents or information are also obtained from Plaintiffs or Defendants, as the

case might be, in this action.  Nothing in this Order shall prevent a party or non-party from using or disclosing its own documents or information for any purpose, regardless of whether they are designated as Confidential Documents under this Order.  Nothing in this Order shall prevent a party from disclosing information to any person who authored, or who otherwise lawfully received or possessed such information, including, without limitation, for purposes of obtaining additional discovery from that person.

20.    After termination of this litigation, the provisions of this Order shall continue to be binding unless otherwise ordered by the Court.  This Court retains and shall have jurisdiction over the parties and recipients of Confidential Documents for enforcement of the provisions of this Order.


DATED this _21ˢᵗ_ day of _January_ 2013.


BY THE COURT:


_____
United States Magistrate Judge


9

APPROVED:

s/Theodore Wells Rosen
Theodore Wells Rosen
Theodore W. Rosen, P.C.
3003 East Third Avenue, #205C
Denver, Colorado 80206
(303) 837-1767
twrosen@msn.com

s/Joy C. Syrcle
Joy C. Syrcle
STINSON MORRISON HECKER LLP
5613 DTC Parkway, Suite 970
Greenwood Village, CO 80111
(303) 376-8400
jsyrcle@stinson.com

John C. Aisenbrey, Esq.
STINSON MORRISON HECKER LLP
1201 Walnut Street, Suite 2900
Kansas City, MO 64106-2150
jaisenbrey@stinson.com

s/Anthony C. Barbe
Anthony C. Barbe
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
(303) 244-1800
barbe@wtotrial.com

DB04/0835491.0031/9974117 3